UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM WITTER, ) | |
| ) | |
| Petitioner, ) | 2:01-CV-1034-RCJ-CWH |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| RENEE BAKER, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This is an action for habeas relief under 28 U.S.C. § 2254 brought by William Witter, a Nevada prisoner sentenced to death. Witter has two motions pending before the court: a motion for evidentiary hearing (ECF No. 229) and a motion for partial reconsideration of this court's order on respondents' motion to dismiss (ECF No. 241). This order disposes of both motions.

*1. Motion for Partial Reconsideration*

With the motion for partial reconsideration, Witter asks the court to (1) reconsider its decision to deny equitable tolling with regard to claims dismissed as untimely and (2) allow him to demonstrate that the procedural default of his ineffective assistance of counsel claims should be excused under the holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). He also argues that, under the recent holding in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), this court should conduct a *Martinez* analysis as to the whole of Claim Two to determine whether the court can consider

evidence not before the Nevada courts when it adjudicated the claim on the merits. In addition, he asks the court to reconsider whether Claim Three, which alleges a violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), relates back to a claim contained in his initial petition.

In dismissing several of Witter's claims as untimely, this court determined that his reliance on this court's scheduling orders did not provide grounds for equitable tolling because he had not shown that he was affirmatively misled by an inaccurate statement in those orders. ECF No. 213, p. 7-8 (relying on *Ford v. Pliler*, 590 F.3d 782, 786 (9th Cir. 2009) and *Brambles v. Duncan*, 412 F.3d 1066, 1068-70 (9th Cir. 2005)). Witter claims that the Ninth Circuit's intervening decision in *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013), compels reconsideration of that determination.

In *Sossa*, the court of appeals held that the lower court should have granted equitable tolling to a *pro se* habeas petitioner who had sought and obtained extensions of time to file an amended petition beyond the statutory deadline. 729 F.3d at 1235. The court reasoned that Sossa's request to extend the due date for his amended petition was premised "on the understanding that if the request were granted and [he] filed his amended petition by the new due date, the petition would be deemed timely," and that "[b]y granting Sossa's request . . . , the magistrate judge conveyed that the premise of Sossa's request was accurate." *Id*. at 1233. According to the court in *Sossa*, "the magistrate judge's order granting Sossa's extension request affirmatively misled him in the very manner that the Supreme Court's decision in *Pliler v. Ford*,[1] and our decisions in *Ford* and *Brambles*, require." *Id*. (footnote added).

While *Sossa* lends support to Witter's claim for equitable tolling, this court stands by its initial decision on this matter. As noted by the court in *Sossa*, "grounds for equitable tolling under § 2244(d) are 'highly fact-dependent'" and "the Supreme Court has 'made clear that often the exercise of a court's equity powers . . . must be made on a case-by-case basis.'" *Id*. at 1229 (citations omitted). Important distinguishing factors make Sossa's claim for equitable tolling much stronger

---

[1] 542 U.S. 225 (2004).

than Witter's.

Proceeding without counsel and with limited access to legal resources,[2] Sossa filed his amended petition only eighteen days after the statutory deadline. Witter filed the amended petition for which he seeks equitable tolling (i.e., ECF No. 67) approximately three and half years after the statutory deadline. In light of *Sossa*, one can make a reasonably strong argument that this court's scheduling order of April 5, 2002, "affirmatively misled" Witter about the timeliness of new claims in an amended petition filed in accordance with the court's initial December 5, 2002, deadline.[3] Less convincing is the argument that the court continued to affirmatively mislead Witter for three more years. Moreover, eligibility for equitable tolling requires a petitioner to show "that he has been pursuing his rights diligently." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

When Witter filed a supplemental motion for leave to conduct discovery in December of 2003, this court expressed its dismay with what appeared to be unreasonable delay on the part of the petitioner. ECF No. 43, p. 2 (noting that petitioner had failed to explain why he waited so long to seek discovery of material that he had been aware of twenty months earlier). Even with discovery proceedings completed (see ECF No. 59, p. 5), Witter did not file his amended petition for another ten months. And, as noted in this court's prior order, his amended petition was filed five months after the decision in *Mayle v. Felix*, 545 U.S. 644 (2005), which clarified the relation back doctrine

---

[2] In addition to granting equitable tolling based on the magistrate's order granting an extension of time, the court further held "that Sossa's allegations regarding his access to the law library and other resources may entitle him to equitable tolling through June 11, 2008, when he constructively filed his amended habeas petition." *Id*. at 1237.

[3] The court's scheduling order of April 5, 2002, set December 5, 2002, as the deadline for Witter to either file either an amended petition or a declaration that "there are no grounds for relief in addition to those asserted in the original petition." ECF No. 11.

3

as applied to amended federal habeas petitions.[4]

Another difference between the instant case and *Sossa* is that Witter's initial petition contained numerous substantive claims, whereas Sossa's initial petition contained none. A decision to deny equitable tolling in *Sossa*, and in *Prieto v. Quarterman*, 456 F3d 511 (5th Cir. 2006) (a case heavily relied upon in *Sossa*), would have meant the complete dismissal of the petitioner's case, an unreasonable result under the circumstances. *Cf. Rhines v. Weber*, 544 U.S. 269, 278 (2005) (recognizing that, when an exhaustion stay is not appropriate, the court should allow the petitioner to delete the unexhausted claims "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief"). In both cases, the court of appeals found that the lower's orders extending time to file an amended petition were "crucially misleading." *Sossa*, 729 F.3d at 1233. The orders extending time in this case were not inaccurate in the same manner that the orders in *Sossa* and *Prieto* were. In accordance with this court's orders, Witter has been permitted to amend claims that are now before the court for a decision on the merits. At no point did the court represent to Witter that all claims in his amended petition would "relate back" for statute of limitations purposes.

Witter also asks the court to revisit its denial of his request to demonstrate that the procedural default of his ineffective assistance of counsel claims should be excused under the holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). The court denied the request because all of the claims for which Witter sought to make such a showing (except for Claim Two) are time-barred, as well as procedurally defaulted, making litigation of *Martinez* issues in relation to those claims a source of

---

[4] Witter relies on the fact that *Mayle* predates the pertinent events in *Sossa* to argue that "confusion over whether an amended petition would relate back under *Mayle* is irrelevant when a petitioner relies on a Court's scheduling orders on when to file his amended petition." ECF No. 245, p. 4-5 fn. 4. Unlike this case, however, the court in *Sossa* had no reason to factor *Mayle* into its analysis. Sossa's initial petition was a form petition to which he failed to attach an actual petition containing his claims. Thus, for all intents and purposes, Sossa's "amended petition" was his initial petition. Moreover, after *Mayle*, there remained little, if any, "confusion over whether an amended petition would relate back," which is the court's point here.

unnecessary delay. ECF No. 213, p. 24. Witter's request to reconsider that decision is premised on this court reversing its determination that the claims are time-barred, which, for reasons discussed above, the court is not going to do.[5]

With respect to Claim Two, the court determined that a *Martinez* showing is unnecessary because the claim is not procedurally defaulted. *Id*. Claim Two alleges ineffective assistance of trial counsel in the penalty phase due to counsel's failure to present certain mitigating evidence, primarily evidence related to fetal alcohol exposure, and to rebut evidence presented at trial regarding Witter's gang affiliation. This claim was presented to the Nevada Supreme Court in Witter's first post-conviction proceeding (ECF No.169-2, p. 72-79); and, Witter argued as much in his opposition to respondents' motion to dismiss the claim. ECF No. 195, p. 109.

Notwithstanding the court's determination that the claim is not procedurally defaulted, Witter contends that this court should conduct a *Martinez* analysis to determine whether the court can consider evidence not before the Nevada courts when it adjudicated the claim on merits. Under *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), this court's consideration of evidence in support of a claim is limited to evidence that was before the state court that adjudicated the claim on the merits. 131 S.Ct at 1398. In *Dickens*, the Ninth Circuit held that: (1) the *Pinholster* limitation does not apply to a procedurally defaulted ineffective assistance claim because it was not previously adjudicated on the merits by the state courts; and (2) 28 U.S.C. § 2254(e)(2) does not bar an evidentiary hearing for a petitioner to show cause and prejudice under *Martinez* because petitioner is not asserting a constitutional "claim" for relief. *Dickens v. Ryan*, 740 F.3d 1302, 1320-21 (9th Cir. 2014).

Witter argues that, with respect to the applicability of *Martinez*, there is no rational

---

[5] Witter also argues that the Ninth Circuit's intervening decision in *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), compels this court to allow him to make a *Martinez* showing with respect to his ineffective assistance of appellate counsel claims. The court rejects this argument for the same reason it rejects Witter's argument in relation to his ineffective assistance of trial counsel claims – i.e., his procedurally defaulted ineffective assistance of appellate counsel claims are also time-barred.

distinction between an instance in which post-conviction counsel is ineffective for failing to raise a *Strickland*[6] claim and one in which post-conviction counsel is ineffective in failing to develop evidence in support of a *Strickland* claim. Unfortunately for Witter, *Dickens* and at least one other post-*Martinez* case in the Ninth Circuit, *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013), explicitly limit *Martinez* to the former. *See Dickens*, 740 F.3d at 1320 ("*Pinholster* does not bar Dickens from presenting evidence of his "new" IAC claim, because the claim was not "adjudicated on the merits" by the Arizona courts."); *Detrich*, 740 F.3d at 1246 ("*Martinez* does not apply to claims that were not procedurally defaulted, but were, rather, adjudicated on the merits in state court."). As such, this court does not agree with Witter that it should conduct a *Martinez* analysis as to the whole of Claim Two.

Witter also asks the court to reconsider its dismissal of his *Batson* claim (Claim Three) and to direct the respondents to respond to the claim on the merits. In addition to the equitable tolling argument rejected above, he contends that this court erred in finding that the claim does not relate back to a claim contained in his initial petition. In making that finding, this court stated:

> . . . Claim Three is a *Batson* claim focused on the removal of on[e] particular juror, Lois Brown. Witter argues that this claim relates back to Ground Fourteen(A) in his initial petition. However, Ground Fourteen(A) consists merely of a broad allegation that Witter's due process rights were violated because counsel failed to argue on direct appeal that the State excluded minorities from the jury panel. ECF No. 5, p. 22. The core facts underlying Claim Three are different in type from the core facts underlying Ground Fourteen(A). *See Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012). Consequently, there is no relation back between the two claims.

ECF No. 213, p. 11.

Witter argues that *Schneider* is inapposite because, in that case, the initial claim was "based on trial counsel's alleged failures," while the amended claim "was based on the trial court's alleged errors." ECF No. 245, p. 6-7 (citing *Schneider*, 647 F.3d at 1151). He is correct only in the sense that Claim Three includes an ineffective assistance of appellate counsel allegation appended to the

---

[6] *Strickland v. Washington*, 466 U.S. 668 (1984).

1  substantive *Batson* claim.  ECF No. 167, p. 146.  Even so, Witter's failure to plead his initial claim
2  with any particularity forecloses relation back

3      The *Mayle* decision placed particular emphasis on the specific pleading requirement in Rule
4  2(c) of the Rules Governing Section 2254 Cases and the word "occurrences" within Fed. R. Civ. P.
5  15(c).  *Mayle*, 545 U.S. at 656–61.  To relate back, an amended claim must share a "common core of
6  operative facts" with a claim in the original petition.  *Id*. at 664.  If the claim in the original petition
7  fails to contain any specific facts, it insufficient to allow relation back under *Mayle*.  Thus, the court
8  is not convinced that Claim Three, or any portion thereof, is timely because it relates back to Ground
9  Fourteen(A) of Witter's initial petition.

10     Finding no compelling reason to alter or amend its prior order, the court shall deny Witter's
11 motion for partial reconsideration.

12     *2. Motion for Evidentiary Hearing*

13     With the motion for evidentiary hearing, Witter asks the court for an evidentiary hearing to
14 demonstrate cause for failing to develop the factual basis of his claims during his first state post-
15 conviction proceeding and to support the merits of claims raised in his habeas petition.  This motion
16 is premised largely on the *Martinez* argument discussed and rejected above.

17     As for holding an evidentiary hearing on the substantive merits of Witter's claims, *Pinholster*
18 renders the exercise pointless if this court determines that 28 U.S.C. § 2254(d) precludes habeas
19 relief.  *See Pinholster*, 131 S. Ct. at 1411 n. 20 ("Because Pinholster has failed to demonstrate that
20 the adjudication of his claim based on the state-court record resulted in a decision 'contrary to' or
21 'involv[ing] an unreasonable application' of federal law, a writ of habeas corpus 'shall not be
22 granted' and our analysis is at an end."); *see*, *also*, *Sully v. Ayers*, 725 F.3d 1057, 1075-76 (9th Cir.
23 2013) (holding that lower court did not abuse its discretion in denying an evidentiary hearing on
24 ineffective assistance claims that had been adjudicated in state court).

25     For claims to which *Pinholster* does not apply, the availability of an evidentiary hearing on
26

the merits is subject to the restrictions imposed by 28 U.S.C. § 2254(e)(2).  Moreover, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

   In asking for an evidentiary hearing on the merits, Witter confines his request to Claims One and Two of his amended petition.  At this point, the court is not convinced that, with respect to either claim, Witter can surmount all the above-mentioned obstacles to granting a hearing.  If, in delving further into the merits of the claims, the court determines that a hearing is warranted, one shall be granted.  For the time being, however, Witter's motion shall be denied without prejudice.

   **IT IS THEREFORE ORDERED** that petitioner's motion for partial reconsideration (ECF No. 241) is DENIED.

   **IT IS FURTHER ORDERED** that petitioner's motion for evidentiary hearing (ECF No. 229) is DENIED without prejudice.

   DATED: March 31, 2014.

_____
UNITED STATES DISTRICT JUDGE