# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM WITTER, | ) | |
| Petitioner, | ) | 2:01-CV-1034-RCJ-CWH |
| vs. | ) | |
| TIMOTHY FILSON,[1] *et al.*, | ) | **ORDER** |
| Respondents. | ) | |

Petitioner Witter is a Nevada prisoner sentenced to death. On August 12, 2014, this court entered a final judgment denying Witter's petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 248. Now before the court is Witter's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 270. Witter argues that his death sentence is unconstitutional in light of the Supreme Court's decision in *Hurst v. Florida*, 136 S.Ct. 616 (2016).

In *Hurst*, the Court held that Florida's capital sentencing scheme violates the Sixth Amendment right to a jury trial because, under the scheme, the jury renders an advisory verdict but

---

[1] Timothy Filson, current warden of Ely State Prison, is substituted as respondent in place of his predecessor Renee Baker. *See* Fed. R. Civ. P. 25(d) (providing that a public "officer's successor is automatically substituted as a party" when his or her predecessor "ceases to hold office while the action is pending").

the judge makes the ultimate sentencing determination. 136 S.Ct. at 624. In reaching that holding, the Court relied upon *Ring v. Arizona*, 536 U.S. 584 (2002), which held that any fact necessary for the imposition of the death penalty must be found by a jury, not a judge. 536 U.S. at 589.

Although a jury imposed the death penalty in Witter's case, he claims that his death sentence is nonetheless unconstitutional under *Hurst* because the jury was not instructed that it must find beyond a reasonable doubt that there are no mitigating circumstances sufficient to outweigh the aggravating circumstances. Witter reasons that, if the weighing of aggravating and mitigating factors is an element that must be submitted to the jury as required by *Hurst*, it necessarily follows that the reasonable doubt standard imposed by the Fifth Amendment applies to the weighing process. Witter also argues his death sentence is unconstitutional under *Hurst* because the Nevada Supreme Court upheld his sentence despite striking three invalid aggravating circumstances. According to Witter, this was impermissible because *Hurst* allows only a jury determine the relative weight of aggravating and mitigating circumstances.

Witter's arguments notwithstanding, this court is without jurisdiction to rule upon a motion seeking relief from judgment while Witter's case is on appeal to the Ninth Circuit. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (concluding that district court lacked jurisdiction over petitioner's Rule 60(b) motion filed subsequent to notice of appeal). When a case is on appeal, a party may only "ask the district court for an indication that it is willing to entertain a Rule 60(b) motion. If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion." *Sierra Pacific Industries v. Lyng*, 866 F.2d 1099, 1113 n. 21 (9th Cir. 1989); *see also*, *Gould v. Mutual Life Insurance Co.*, 790 F.2d 769, 772 (9th Cir. 1986).

This practice has been adopted by the Federal Rules of Civil Procedure. Rule 62.1(a) states, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the

motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Cognizant of this procedure, Witter asks this court to enter a ruling under the third option, which is often referred to as an "indicative ruling." *See* Fed. Ct. App. Manual § 15:12.5 (5th ed.).

Rule 60(b) applies to habeas proceedings, but only in conformity with AEDPA,[2] including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). If a Rule 60(b) motion seeks to add a new ground for relief or attack this court's previous resolution of a claim on the merits, it is, in substance, a successive habeas petition subject to the requirements of 28 U.S.C. § 2244(b). *Id*. at 531. If, however, the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. *Id*. at 532.

Witter's motion clearly falls in the former category. Accordingly, this court is not permitted to address the merits of Witter's *Hurst*-based claim until Witter obtains authorization from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3).

Witter argues that his motion is not a successive petition because his appeal of this court's final order is still pending. He does not, however, cite to any controlling authority for the proposition that the pendency of his appeal from the denial of his first habeas petition excuses him from obtaining permission from the court of appeals to raise his new claim. While a Second Circuit case arguably supports Witter's position (*Whab v. United States*, 408 F.3d 116 (2nd Cir. 2005)), opposing cases from other circuits are more persuasive. *See Ochoa v. Sirmons*, 485 F.3d 538, 541 (10th Cir. 2007) (holding that no controlling authority "suggests that whether a Rule 60(b) motion or other procedural vehicle may be used to circumvent § 2244(b) depends on the incidental fact that an appeal is or is not pending from the underlying habeas proceeding") and *Phillips v. United States*,

---

[2] The Antiterrorism and Effective Death Penalty Act.

3

668 F.3d 433, 435 (7th Cir. 2012) ("Nothing in the language of § 2244 or § 2255 suggests that time-and-number limits are irrelevant as long as a prisoner keeps his initial request alive through motions, appeals, and petitions.").

Witter also argues that, even if § 2244 does apply, he is still entitled to relief because § 2244(b)(2)(A) permits him to pursue a claim that "relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." That provisions does not, however, provide a basis for this court to issue an indicative ruling in Witter's favor. Setting aside the absence of a decision from the Supreme Court making *Hurst* retroactive,[3] the determination under § 2244(b)(2)(A) is to be made by the court of appeals, not this court. *See* 28 U.S.C. § 2244(b)(3).

Based on the foregoing, this court must deny Witter's motion for relief under Rule 60(b).

In the event Witter chooses to appeal this decision, this court denies a certificate of appealability (COA).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

The issue of whether Witter's Rule 60(b) motion should be treated as a successive petition under *Gonzalez v. Crosby* is not debatable among reasonable jurists and, therefore, does not warrant the issuance of a COA.

---

[3] The Court has held that *Ring*, the case on which *Hurst* is premised, applies only prospectively. *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004).

4

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from judgment pursuant to Rule 60(b) (ECF No. 270) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED with respect to this decision.

**IT IS FURTHER ORDERED** that pending motions for extension of time (ECF No. 272 and 274) are GRANTED *nunc pro tunc* as of their respective filing dates.

DATED: April 11, 2017.

_____
UNITED STATES DISTRICT JUDGE